**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **GLENN GREGOR** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | **Case No.** 10-CV-2207 JWL/DJW |
| | ) | |
| **ALMIGHTY TOW SERVICE, L.L.C.** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Glenn Gregor, appearing by and through counsel, and for his Complaint against Almighty Tow Service, L.L.C. states and alleges as follows:

## PARTIES

1.      Plaintiff Glenn Gregor (hereinafter "Plaintiff") is an individual resident of Overland Park, Johnson County, Kansas.

2.      Defendant Almighty Tow Service, L.L.C. (hereinafter "Defendant") is a limited liability company organized under the laws of the State of Kansas.

## JURISDICTION AND VENUE

3.      Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2) and 29 U.S.C. § 216(b)  in that Plaintiff's complaint presents a federal question arising from violations of the federal Family and Medical Leave Act and Fair Labor Standards Act.

4.      The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) in that they arise from the same case and controversy as Plaintiff's federal claims.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events

giving rise to Plaintiff's cause of action occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6.      Upon information and belief, Defendant has over 50 employees.

7.      Upon information and belief, Defendant's gross sales are in excess of $500,000

per year.

8.      Plaintiff was employed by Defendant as a tow truck driver on or about January 5,

2010.

9.      Plaintiff was first hired by Defendant in August of 2008.

10.      Plaintiff's regular work schedule required him to work 54 hours per week for

Defendant.

11.      In December of 2009, Plaintiff developed a staph infection that required surgery,

and caused him to miss several weeks of work.

12.      Plaintiff returned to work on December 31, 2009.

13.      On January 4, 2010, Plaintiff informed his supervisor David Griffiths that he had

a follow-up appointment with his surgeon the next morning, and that he would come

in to work after the appointment.

14.      At this time, David Griffiths authorized the Plaintiff to take leave for his doctor's

appointment on January 5, 2010.

15.      On January 5, 2010 Plaintiff's supervisor called him and demanded to know why

he was not at work.

16.      When Plaintiff replied that he was attending a follow-up appointment that the

supervisor had approved, the supervisor told him that he was fired.

2

## COUNT 1: FAMILY AND MEDICAL LEAVE ACT

17.     On January 5, 2010, Plaintiff was entitled to take leave to care for a serious injury or illness pursuant to the Family and Medical Leave Act, 28 U.S.C. § 2612(a)(1)(D).

18.     Plaintiff provided sufficient notice to Defendant of his intention to take several hours of leave on January 5, 2010.

19.     Defendant interfered with, restrained, and/or denied Plaintiff's attempt to exercise his right to leave under the Family and Medical Leave Act by firing him when he attempted to take leave for a doctor's appointment, in violation of 28 U.S.C. § 2615(a).

20.     As a direct and proximate result of Defendant's interference, restraint, and/or denial of rights under the Family and Medical Leave Act, Plaintiff suffered damages including, but not limited to lost wages, benefits, and income.

21.     Plaintiff has incurred, and will continue to incur attorney's fees in enforcing his rights under the Family and Medical Leave Act.

     **WHEREFORE** Plaintiff Glenn Gregor prays for judgment against Defendant Almighty Tow Service, L.L.C. in excess of $75,000; for costs and attorney's fees in this action pursuant to 28 U.S.C. § 2617(a)(3); for prejudgment interest; and for any further relief that the Court may deem just and proper.

## COUNT 2: FEDERAL WAGE AND HOUR

22.     Plaintiff's regular work schedule required him to work in excess of 40 hours per week.

23.     Plaintiff was periodically required to be "on call" to respond to tow requests for 24 hours a day, and was not compensated for this time spent "on call."

24.     Defendant failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

25.     Defendant failed to compensate Plaintiff for time spent "on call," in violation of 29 U.S.C. § 206.

26.     As a direct and proximate result of Defendant's violation of wage and hour statutes, Plaintiff suffered damages including, but not limited to lost wages, benefits, and income.

27.     Plaintiff has incurred, and will continue to incur attorney's fees in enforcing his rights under the Fair Labor Standards Act.

**WHEREFORE** Plaintiff Glenn Gregor prays for judgment against Defendant Almighty Tow Service, L.L.C. in excess of $75,000; for costs and attorney's fees in this action pursuant to 29 U.S.C. § 216; for prejudgment interest; and for any further relief that the Court may deem just and proper.

## COUNT 3: KANSAS WAGE AND HOUR

28.     Plaintiff's regular work schedule required him to work in excess of 46 hours per week.

29.     Plaintiff was periodically required to be "on call" for 24 hours a day to respond to tow requests, and was not compensated for this time spent "on call."

30.     Defendant failed to pay Plaintiff overtime for hours worked in excess of 46 hours per week, in violation of K.S.A. 44-1204(a).

31.     Defendant failed to compensate Plaintiff for time spent "on call," in violation of K.S.A. 44-1203.

32.     As a direct and proximate result of Defendant's violation of wage and hour statutes, Plaintiff suffered damages including, but not limited to lost wages, benefits, and income.

33.     Plaintiff has incurred, and will continue to incur attorney's fees in enforcing his rights under the Kansas Wage and Hour law.

**WHEREFORE** Plaintiff Glenn Gregor prays for judgment against Defendant Almighty Tow Service, L.L.C. in excess of $75,000; for costs and attorney's fees in this action pursuant to K.S.A. 44-1211; for prejudgment interest; and for any further relief that the Court may deem just and proper.

## COUNT 4: FRAUDULENT MISREPRESENTATION

34.     On January 4, 2010, Plaintiff's supervisor falsely represented to him that he was authorized to take time off of work on January 5, 2010 for a doctor's appointment.

35.     At the time Plaintiff's supervisor made the representations concerning authorization to take time off work, he knew that the representations were false.

36.     Plaintiff's supervisor intended that Plaintiff would act upon his representations by taking time off work.

37.     Plaintiff was not aware that his supervisor would use the authorized time off as a basis to terminate his employment.

38.     Plaintiff relied on his supervisor's representations by taking time off of work for a doctor's appointment.

39.     Plaintiff was justified in relying on his supervisor's representations concerning his authorization for leave.

40.     As a direct and proximate result of Plaintiff's reliance on his supervisor's representations, Plaintiff suffered injury when the same supervisor fired him for taking time off of work, including but not limited to lost wages, benefits, and income.

41.     Defendant is liable for the misrepresentations of Plaintiff's supervisor, in that they occurred within the course and scope of the supervisor's employment.

42.     Defendant's actions as described above were willful, wanton, and in reckless disregard of the Plaintiff's rights.

**WHEREFORE** Plaintiff Glenn Gregor prays for judgment against Defendant Almighty Tow Service, L.L.C. in excess of $75,000; for costs and attorney's fees in this action; for prejudgment interest; and for any further relief that the Court may deem just and proper.

## COUNT 5: NEGLIGENT MISREPRESENTATION

43.     On January 4, 2010, Plaintiff's supervisor falsely represented to him that he was authorized to take time off of work on January 5, 2010 for a doctor's appointment.

44.     At the time Plaintiff's supervisor made the representations concerning authorization to take time off work, he failed to exercise reasonable care in determining whether the Plaintiff was in fact authorized.

45.     Plaintiff's supervisor intended that Plaintiff would act upon his representations by taking time off work.

46.     Plaintiff was not aware that his supervisor would use the authorized time off as a basis to terminate his employment.

47.     Plaintiff relied on his supervisor's representations by taking time off of work for a doctor's appointment.

48.     Plaintiff was justified in relying on his supervisor's representations concerning his authorization for leave.

49.     As a direct and proximate result of Plaintiff's reliance on his supervisor's representations, Plaintiff suffered injury when the same supervisor fired him for taking time off of work, including but not limited to lost wages, benefits, and income.

50.     Defendant is liable for the misrepresentations of Plaintiff's supervisor, in that they occurred within the course and scope of the supervisor's employment.

        **WHEREFORE** Plaintiff Glenn Gregor prays for judgment against Defendant Almighty Tow Service, L.L.C. in excess of $75,000; for costs and attorney's fees in this action; for prejudgment interest; and for any further relief that the Court may deem just and proper.

## COUNT 5: BREACH OF CONTRACT

51.     Defendant offered Plaintiff a written employment contract when he was first hired (attached as Exhibit A.)

52.     Plaintiff accepted the employment contract, and began to perform services for the Defendant.

53.     Defendant paid the Plaintiff wages in exchange for these services.

54.     The written contract provided that an employee may only be discharged after being tardy three times, and that written notice would be provided before terminating an employee due to tardiness or absence.

55.     At the time he was fired, Plaintiff had been tardy less than three times.

56.     Defendant breached the employment contract by terminating the Plaintiff's

employment when he was tardy less than three times, and by not providing written

notice prior to his termination.

57.     As a direct and proximate result of Defendant's violation of the employment

contract, Plaintiff suffered damages including, but not limited to lost wages, benefits

and income.

**WHEREFORE** Plaintiff Glenn Gregor prays for judgment against Defendant

Almighty Tow Service, L.L.C. in excess of $75,000; for costs and attorney's fees in this

action; for prejudgment interest; and for any further relief that the Court may deem just

and proper.


Respectfully Submitted,

Castle Law Office of Kansas City, P.C.


 /s/ Mark Meyer                              
Mark Meyer, KS #20988
Andrew Schendel, KS #24045
818 Grand Blvd, Suite 700
Kansas City, Missouri 64106
(816) 283-0303 phone
(816) 842-0016 facsimile
mmeyer@castlelaw-kc.com
aschendel@castlelaw-kc.com
ATTORNEY FOR PLAINTIFF