IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLENN GREGOR,      )
                   )
     Plaintiff,    )
                   )  Case No. 10-CV-2207 JWL/DJW
vs.                )
                   )
ALMIGHTY TOW SERVICE, L.L.C.  )
                   )
     Defendant.    )
                   )

## ANSWER

**COMES NOW** defendant Almighty Tow Service, L.L.C. ("Defendant"), by and through its counsel of record, and for its Answer to plaintiff Glenn Gregor's Complaint states and alleges as follows:

## PARTIES

1. Defendant lacks sufficient information or knowledge to admit or deny the averments in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. Defendant admits the averments in paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3. Defendant denies the averments in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the averments in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the averments in paragraph 5 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant denies the averments in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the averments in paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the averments in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the averments in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the averments in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the averments in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the averments in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the averments in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the averments in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the averments in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the averments in paragraph 16 of Plaintiff's Complaint.

## COUNT 1: FAMILY AND MEDICAL LEAVE ACT

17. Defendant denies the averments in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the averments in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the averments in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the averments in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the averments in paragraph 21 of Plaintiff's Complaint.

## COUNT 2: FEDERAL WAGE AND HOUR

22. Defendant denies the averments in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the averments in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the averments in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the averments in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the averments in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the averments in paragraph 27 of Plaintiff's Complaint.

### COUNT 3: KANSAS WAGE AND HOUR

28. Defendant denies the averments in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the averments in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the averments in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the averments in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the averments in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the averments in paragraph 33 of Plaintiff's Complaint.

### COUNT 4: FRAUDULENT MISREPRESENTATION

34. Defendant denies the averments in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the averments in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the averments in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the averments in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the averments in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the averments in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the averments in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the averments in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the averments in paragraph 42 of Plaintiff's Complaint.

### COUNT 5: NEGLIGENT MISREPRESENTATION

43. Defendant denies the averments in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the averments in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the averments in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the averments in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the averments in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the averments in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the averments in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the averments in paragraph 50 of Plaintiff's Complaint.

## COUNT 5 (sic): BREACH OF CONTRACT

51. Defendant denies the averments in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the averments in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the averments in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the averments in paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the averments in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the averments in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the averments in paragraph 57 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

58. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

59. Plaintiff is not an eligible employee to whom the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, applies because Defendant employs less than the requisite number of employees.

60. Defendant is not a covered employer to whom the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, applies because Defendant employs less than the requisite number of employees.

61. Plaintiff is not an eligible employee to whom the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, applies because Plaintiff has not completed 1,250 hours of service during the previous 12-month period.

62. Without admitting that either Plaintiff or Defendant is subject to the provisions of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, Defendant affirmatively states that Plaintiff did not suffer from a "serious health condition" and therefore was not entitled to leave under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

63. Plaintiff is not entitled to overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, by virtue of, but not limited to, the federal Motor Carrier Act ("MCA"), 29 U.S.C. § 213(b), the Commission Salesperson Exception, 29 U.S.C. §207(i), and other exemptions that may be discovered throughout discovery.

64. Any act or omission committed by Defendant, if any, with respect to the payment of overtime wages required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, was in good faith and in actual conformity with and reliance on the written administrative regulations, orders, ruling, approvals, and interpretations of the Department of Labor with respect to the payment of overtime wages to employees similar to Plaintiff.

65. Defendant had reasonable grounds to believe that it was not violating the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, with respect to the payment of overtime wages.

66. Plaintiff's claims are barred by the doctrine of release, estoppel, waiver and/or laches.

67. Defendant affirmatively states that if Plaintiff sustained any loss or damages, which Defendant specifically denies, Plaintiff failed to mitigate his alleged damages. Consequently, any damages which may be found to have been sustained should be barred or reduced.

68. Plaintiff's claims are barred by the applicable statute of limitations.

69. The negligence and/or fault of the other parties, and others including, but not limited to Plaintiff should be compared pursuant to K.S.A. 60-258a.

70. If Plaintiff was damaged, which Defendant specifically denies, Plaintiff's own negligence, fault or carelessness equally exceeded the alleged negligence, fault or carelessness of Defendant, and therefore any recovery by Plaintiff is barred pursuant to K.S.A. 60-258a.

71. Defendant denies that it was negligent or otherwise at fault, deny causation, and the nature and extent of the injuries and damages claimed.

72. Defendant is entitled to a setoff or credit for any damages Plaintiff might recover for including, but not limited to, any unemployment benefits received by Plaintiff.

73. Per K.S.A. 44-1202(d), Defendant is not an "employer" subject to the provisions of the Kansas Minimum Wage and Maximum Hours Law because Defendant is subject to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.*

74. Defendant denies that it entered into any employment contract with Plaintiff and maintains that Plaintiff was a terminable at will.

75. Without admitting that it entered into any contract with Plaintiff, Defendant asserts the affirmative defenses of failure of consideration, the statute of frauds, waiver, laches, and estoppel.

76. Without admitting that Plaintiff is entitled to any overtime wages per state or federal law, Defendant denies that Plaintiff worked in excess of 40 hours per week.

77. Defendant reserves the right to raise any further affirmative defenses during the course of discovery.

WHEREFORE, Defendant, having fully and completely answered Plaintiff's Complaint, prays for the Court to enter judgment in Defendant's favor and against Plaintiff, for Defendant's costs herein expended and for such other and further relief as the Court may deem just and reasonable.

**BATY, HOLM & NUMRICH, P.C.**

By: /s/ Nicholas J. Porto
Nicholas J. Porto        KS#21984
Theresa A. Otto          KS#16628
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
Telephone:   816-531-7200
Fax Number:  816-531-7201
nporto@batyholm.com
totto@batyholm.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2010, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Mark Meyer
Andrew Schendel
CASTLE LAW OFFICE OF
KANSAS CITY, P.C.
818 Grand Blvd., Suite 700
Kansas City, MO  64106
Telephone:    816-283-0303
Fax Number:  816-842-0016
mmeyer@castlelaw-kc.com
aschendel@castlelaw-kc.com
ATTORNEYS FOR PLAINTIFF




/s/ Nicholas J. Porto
ATTORNEYS FOR DEFENDANT