IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GLENN GREGOR )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALMIGHTY TOW SERVICE, L.L.C. )<br><br>Defendant. ) | Case No. 10-CV-2207 JWL/DJW |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW Defendant Almighty Tow Service, LLC, pursuant to Fed. R. Civ. Pro. § 12(b)(6), by and through its counsel of record, and submits its Memorandum in Support of Its Motion to Dismiss Count 2 or, alternatively, Count 3, of Plaintiff's Complaint. In support of said Memorandum, Defendant states as follows:

### INTRODUCTION

Plaintiff has failed to plead the minimum requirements that entitle him to relief under the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq*. Specifically, though Plaintiff has alleged and Defendant admits that Defendant's annual gross sales are in excess of $500,000.00, Plaintiff has failed to allege that Defendant is engaged in interstate commerce. Furthermore, if the Court declares that Plaintiff has met the minimum pleading threshold of the FLSA, or if the Court permits Plaintiff to amend his Complaint to meet this threshold, Defendant therefore becomes a covered employer within the meaning of the FLSA, which necessitates dismissal of the Kansas Wage Payment claims contained in Count 3 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

1. Count 2 of Plaintiff's Complaint seeks relief for Defendant's alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*

2. Paragraph No. 7 of Plaintiff's Complaint alleges, "Defendant's gross sales are in excess of $500,000.00." *See* Plaintiff's Complaint at ¶ 7.

3. Defendant admits this allegation. *See* Defendant's Answer at ¶ 7.

4. Plaintiff's Complaint does not contain allegations that Defendant or its employees are engaged in interstate commerce.

5. Likewise, Plaintiff's Complaint does not contain allegations that he was engaged in interstate commerce.

6. Count 3 of Plaintiff's Complaint seeks relief for Defendant's alleged violations of the Kansas Wage and Maximum Hours Law, K.S.A. 44-1201, *et seq.*

## STANDARD

As the United States Supreme Court recently explained in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), to survive a motion to dismiss, a complaint must provide "more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do...Factual allegations must be enough to raise a right to relief above the speculative level." (Citations omitted). Thus, while the Court accepts all "well-pleaded factual allegations" as true, and views them in a light most favorable to the nonmoving party, "conclusory allegations" need not be accepted as true simply because they have been plead in the complaint. *Moffett v. Halliburton Energy Services, Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

## ARGUMENT

### *FLSA Claims*

To establish a claim for relief for overtime compensation under the FLSA, Plaintiff must plead, at the outset, coverage under the FLSA. 29 U.S.C. § 207(a)(1). Coverage under this Act includes employers "engaged in commerce or in the production of goods for commerce." *Id.* "Commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

An employer is an enterprise engaged in commerce or production of good for commerce if it "has employees engaged in commerce or in the production of goods for commerce, or...has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by and person...***and*** is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00." 29 U.S.C. § 203(s)(1).

This type of coverage under the FLSA is commonly referred to as "enterprise coverage." *See Brown v. Food Storage and Moving Company, Inc.*, 43 Kan. App. 2d 304, 224 P.3d 593 (Kan. App. 2010). Simply put, an employer is subject to enterprise coverage if two elements are met: the employer (1) is engaged in interstate commerce and (2) has an annual gross sales volume of at least $500,000.00. *See id.*

In Paragraph No. 7 of his Complaint, Plaintiff alleges that Defendant's annual gross sales are in excess of $500,000.00. Defendant admits this allegation. Therefore, Plaintiff has satisfied half of "enterprise" coverage under the FLSA. However, Plaintiff's Complaint is devoid of any allegations pertaining to Defendant's participation in interstate commerce. Therefore, the plain language of Plaintiff's Complaint fails to satisfy the minimum requirements of enterprise coverage

under the FLSA. If a Complaint fails to satisfy each of the above prerequisites, the Complaint must be dismissed for failure to state a claim upon which relief can be granted. *Licht v. Beta Eta Chapter of Kappa Alpha Order*, 2010 WL 654329 at * 4. (W.D. Okla. 2010). Thus, Count 2 of Plaintiff's Complaint must be dismissed.

### *Kansas Wage and Maximum Hours Claim*

Alternatively, if the Court finds that Plaintiff has satisfied the minimum thresholds of "enterprise" coverage under the FLSA, Defendant requests that the Court dismiss Count 3 of Plaintiff's Complaint, which seeks relief for Defendant's alleged violations of the Kansas Wage and Maximum Hours Law, K.S.A. 44-1201, *et seq*.

As stated above, if the Court deems that Plaintiff has adequately pled that Defendant (1) is engaged in interstate commerce and (2) has an annual gross sales volume of at least $500,000.00, then Defendant is an employer subject to the FLSA. However, the Kansas Wage and Maximum Hours Law, K.S.A. 44-1201, *et seq.*, expressly does not apply to employers who are obliged to meet the standards of the FLSA. *Armstrong v. Wackenhut Corp.*, 2009 WL 413189 at *1 (D. Kan. 2009); *Brown, supra,* 43 Kan. App. 2d at 307; K.S.A. 44-1202(d) (providing that the term "employer" "shall not include any employer who is subject to the provisions of the [FLSA]."). Thus, if Plaintiff's Complaint has adequately pled that Defendant is an employer subject to coverage under the FLSA, then the Kansas Wage and Maximum Hours Law does not apply to Defendant. Therefore, alternatively, Count 3 of Plaintiff's Complaint must be dismissed.

## CONCLUSION

Plaintiff has failed to plead that Defendant is engaged in interstate commerce. Therefore, Count 2 of Plaintiff's Complaint fails to plead the minimum requirements for coverage under the FLSA and must be dismissed. Alternatively, if the Court declares that Plaintiff has satisfied the minimum pleading requirements of the FLSA, Defendant is a covered employer under the FLSA. As such, Count 3 of Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendant requests that the Court dismiss Count 2 or, alternatively, Count 3, of Plaintiff's Complaint, and for whatever further relief that the Court deems necessary and just.

**BATY, HOLM & NUMRICH, P.C.**

By /s/ Nicholas J. Porto
Nicholas J. Porto           KS#21984
Theresa A. Otto             KS#16628
4600 Madison, Suite 210
Kansas City, MO 64112-3012
Telephone:   816-531-7200
Fax Number:  816-531-7201
nporto@batyholm.com
totto@batyholm.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2010, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Mark Meyer
Andrew Schendel
CASTLE LAW OFFICE OF
KANSAS CITY, P.C.
818 Grand Blvd., Suite 700
Kansas City, MO  64106
Telephone:    816-283-0303
Fax Number:  816-842-0016
mmeyer@castlelaw-kc.com
aschendel@castlelaw-kc.com
ATTORNEYS FOR PLAINTIFF




/s/ Nicholas J. Porto
ATTORNEYS FOR DEFENDANT