IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Glenn Gregor,**

      **Plaintiff,**

**v.**                                                        **Case No. 10-2207-JWL**

**Almighty Tow Service, L.L.C.,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed a three-count complaint against defendant alleging violations of the Family and Medical Leave Act, the Fair Labor Standards Act and the Kansas Minimum Wage Maximum Hour Law (KMWMHL). Defendant has moved to dismiss plaintiff's FLSA claim on the grounds that plaintiff failed to plead that defendant is engaged in interstate commerce and, in the event that the court permits plaintiff to replead his FLSA claim, moves to dismiss plaintiff's KMWMHL on the grounds that the Kansas statute expressly does not apply to employers who are covered by the FLSA. *See* K.S.A. § 44-1202(d) (expressly excluding from the definition of "employer" any "employer who is subject to the provisions of the fair labor standards act of 1938 and any other acts amendatory thereof or supplemental thereto") (citation omitted); *Brown v. Ford Storage & Moving Co.*, 43 Kan. App. 2d 304, 313 (2010) (Because employer was subject to FLSA regulation, it was not an employer under the KMWMHL and had no duty to pay overtime wages under the KMWMHL).

In response, plaintiff has submitted a proposed amended complaint alleging that defendant is engaged in interstate commerce, thereby resolving the issue related to the FLSA

claim. The court, then, will permit plaintiff to file an amended complaint alleging that defendant is engaged in interstate commerce and will deny defendant's motion with respect to this claim.

With respect to plaintiff's KMWMHL claim, plaintiff acknowledges that his FLSA and KMWMHL claims are "inconsistent," but urges that he is entitled to plead inconsistent claims at this juncture under Federal Rule of Civil Procedure 8(d). Plaintiff's proposed amended complaint, however, reflects no inconsistency between these claims. Thus, if plaintiff desires to press his KMWMHL claim, he must amend his complaint to reflect that he is asserting his KMWMHL claim only if defendant is not subject to FLSA regulation. Subject to that amendment, defendant's motion to dismiss is denied with respect to this claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss for failure to state a claim (doc. 17) is **denied** and plaintiff shall file his amended complaint no later than **Monday, November 15, 2010.**

**IT IS SO ORDERED.**

Dated this 29th day of October, 2010, at Kansas City, Kansas.

                         s/ John W. Lungstrum
                         John W. Lungstrum
                         United States District Judge